UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRZYSZTOF F. WOLINSKI,<br><br>           Plaintiff,<br><br>    v.<br><br>ABDULBASET ABDULGADER, et al.,<br><br>           Defendants. | No. 2:21-cv-02078-CKD P<br><br><br>ORDER |

      Plaintiff is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

      Plaintiff requests leave to proceed in forma pauperis.  As plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted. Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

I.      **Screening Requirement**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

II.     **Allegations in the Complaint**

At all times relevant to the allegations in the complaint, plaintiff was a disabled inmate at the California Health Care Facility ("CHCF"). Plaintiff generally alleges that he is deliberately

discriminated against and denied adequate medical care by his primary care physician, Dr. Abdulbaset Abdulgader, because of plaintiff's "religio[us] believes [sic], nationality, accent and disability." ECF No. 1 at 5. He contends that defendant Abdulgader denied him care for chest pain, denied him a COVID-19 booster shot, refused to refer him to a specialist in cardiology and urology, and denied him physical therapy for 10 months. As a result of the denial of these forms of medical care, plaintiff suffered additional pain as well as emotional harm.

Plaintiff also alleges that defendant Abdulgader retaliated against him for filing health care grievances. As retaliation, plaintiff was removed from a higher level of care, refused a prescription for non-formulary glasses and a replacement TENS unit, received lower doses of medication, and was threatened with the withdrawal of a medical chrono for a wheelchair.

Plaintiff also names Dr. Gabriel Williams as a defendant in this action. According to plaintiff, defendant Williams denied him a replacement TENS unit for his neuropathic pain since December 2019.

By way of relief, plaintiff seeks an injunction against defendant Abdulgader and all other doctors at CHCF requiring them to provide plaintiff with a list of specific medical services. Plaintiff does not seek any compensatory or punitive damages from any named defendant.

On December 30, 2021, plaintiff constructively filed an emergency notice with the court indicating that plaintiff was on his 57th day of a hunger strike.[1] ECF No. 7. The notice indicates that plaintiff was transferred to the California Medical Facility ("CMF") and is being denied adequate medical care at that facility by Dr. Osmon. Id.

**III. Legal Standards**

The following legal standards are being provided to plaintiff based on his pro se status as well as the nature of the allegations in his complaint.

**A. Deliberate Indifference**

Denial or delay of medical care for a prisoner's serious medical needs may constitute a violation of the prisoner's Eighth and Fourteenth Amendment rights. Estelle v. Gamble, 429 U.S.

---

[1] All filing dates are calculated using the prison mailbox rule. See Houston v. Lack, 487 U.S. 266 (1988).

3

97, 104-05 (1976). An individual is liable for such a violation only when the individual is deliberately indifferent to a prisoner's serious medical needs. Id.; see Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002); Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000).

In the Ninth Circuit, the test for deliberate indifference consists of two parts. Jett, 439 F.3d at 1096, citing McGuckin v. Smith, 974 F.2d 1050 (9th Cir. 1991), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc). First, the plaintiff must show a "serious medical need" by demonstrating that "failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" Id., citing Estelle, 429 U.S. at 104. "Examples of serious medical needs include '[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain.'" Lopez, 203 F. 3d at 1131-1132, citing McGuckin, 974 F.2d at 1059-60.

Second, the plaintiff must show the defendant's response to the need was deliberately indifferent. Jett, 439 F.3d at 1096. This second prong is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference. Id. Under this standard, the prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but that person "must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). This "subjective approach" focuses only "on what a defendant's mental attitude actually was." Id. at 839. A showing of merely negligent medical care is not enough to establish a constitutional violation. Frost v. Agnos, 152 F.3d 1124, 1130 (9th Cir. 1998), citing Estelle, 429 U.S. at 105-106. A difference of opinion about the proper course of treatment is not deliberate indifference, nor does a dispute between a prisoner and prison officials over the necessity for or extent of medical treatment amount to a constitutional violation. See, e.g., Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989). Furthermore, mere delay of medical treatment, "without more, is insufficient to state a claim of deliberate medical

indifference." Shapley v. Nev. Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985). Where a prisoner alleges that delay of medical treatment evinces deliberate indifference, the prisoner must show that the delay caused "significant harm and that Defendants should have known this to be the case." Hallett, 296 F.3d at 745-46; see McGuckin, 974 F.2d at 1060.

### B. First Amendment Retaliation

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal. Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (citations omitted). Filing an inmate grievance is a protected action under the First Amendment. Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003). A prison transfer may also constitute an adverse action. See Rhodes v. Robinson, 408 F.3d 559, 568 (9th Cir. 2005) (recognizing an arbitrary confiscation and destruction of property, initiation of a prison transfer, and assault as retaliation for filing inmate grievances); Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995) (finding that a retaliatory prison transfer and double-cell status can constitute a cause of action for retaliation under the First Amendment).

### C. ADA

Title II of the Americans with Disabilities Act (ADA) "prohibit[s] discrimination on the basis of disability." Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002). Title II of the ADA applies to inmates within state prisons. Pennsylvania Dept. of Corrections v. Yeskey, 524 U.S. 206, 208 (1998). "To establish a violation of Title II of the ADA, a plaintiff must show that (1) [he] is a qualified individual with a disability; (2) [he] was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of [his] disability." Lovell, 303 F.3d at 1052. "To recover monetary damages under Title II of the ADA, a plaintiff must prove intentional discrimination on the part of the defendant," and the standard for intentional discrimination is deliberate indifference. Duvall v. County of Kitsap, 260 F.3d 1124, 1138 (9th

Cir. 2001).

### D. Equal Protection

The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985), superseded by statute on other grounds; Hartmann v. California Dep't of Corr. & Rehab., 707 F.3d 1114, 1123 (9th Cir. 2013); Shakur v. Schriro, 514 F.3d 878, 891 (9th Cir. 2008).  It applies both inside and outside of prison walls.  Lee v. Washington, 390 U.S. 333, 333 (1968).  To state a claim, plaintiff must show that defendant intentionally discriminated against him based on his membership in a protected class.  Hartmann, 707 F.3d at 1123.  Under this theory of equal protection, the plaintiff must show that the defendant's actions were a result of the plaintiff's membership in a suspect class, such as race, religion, or alienage.  Ball v. Massanari, 254 F.3d 817, 823 (9th Cir. 2001).

If the challenged action does not involve a suspect classification, a plaintiff may establish an equal protection claim by showing that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose.  Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); San Antonio Indep. Sch. Dist. v. Rodriguez, 411 U.S. 1, 40 (1973).  To state an equal protection claim under this theory, a plaintiff must allege that: (1) the plaintiff is a member of an identifiable class; (2) the plaintiff was intentionally treated differently from others similarly situated; and (3) there is no rational basis for the difference in treatment.  Willowbrook, 528 U.S. at 564.

### E. Rehabilitation Act ("RA")

Section 504 of the Rehabilitation Act ("RA") prohibits discrimination on the basis of one's disability.  Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002).  "To establish a violation of § 504 of the RA, a plaintiff must show that (1) [he] is handicapped within the meaning of the RA; (2) [he] is otherwise qualified for the benefit or services sought; (3) [he] was denied the benefit or services solely by reason of [his] handicap; and (4) the program providing the benefit or services receives federal financial assistance." Lovell, 303 F.3d at 1052.

### IV. Analysis

The treatment, or lack of treatment, concerning plaintiff's medical condition does not

provide a basis upon which to impose liability under the ADA.  Burger v. Bloomberg, 418 F.3d 882, 882 (8th Cir.2005) (medical treatment decisions not a basis for RA or ADA claims); Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1289, 1294 (11th Cir.2005) (RA not intended to apply to medical treatment decisions); Fitzgerald v. Corr. Corp. of Am., 403 F.3d 1134, 1144 (10th Cir. .2005) (Medical decisions not ordinarily within scope of ADA or RA); Bryant v. Madigan, 84 F.3d 246, 249 (7th Cir.1996) ("The ADA does not create a remedy for medical malpractice."). Plaintiff's allegations go to the adequacy of the treatment or assistance he was receiving, not to the denial of services because of his disability.  "The ADA prohibits discrimination because of disability, not inadequate treatment for disability."  Simmons v. Navajo County, 609 F.3d 1011, 1022 (9th Cir. 2010) (citing Bryant v. Madigan, 84 F.3d 246, 249 (7th Cir. 1996)).  As a result, plaintiff has not alleged a cognizable ADA claim against defendants.

With respect to the retaliation claim against defendant Abdulgader, the allegations in the complaint identify the adverse medical actions taken against plaintiff based on his protected conduct of filing health care grievances.  However, the complaint does not allege that defendant's actions chilled the exercise of plaintiff's First Amendment rights or that the doctor's treatment decisions did not advance a legitimate correctional goal.  See Rhodes, 408 F.3d at 567-68.  For these reasons, the court finds that the complaint does not state a First Amendment retaliation claim against defendant Abdulgader.

The equal protection allegations against defendant Abdulgader do not state a claim for relief because they are entirely conclusory in nature.  Plaintiff does not provide any description of statements made by defendant Abdulgader that would suggest that his medical treatment decisions were being made solely on the basis of plaintiff's race, religion, or nationality.  This is especially true as even plaintiff contends that defendant's actions were motivated by his desire to retaliate against plaintiff for filing health care grievances.  Given this explanation, the allegations in the complaint do not state an equal protection claim against defendant Abdulgader.  Nor does the complaint describe similarly situated individuals whose medical conditions were treated differently by this defendant.  Rather, plaintiff makes the sweeping generalization in the complaint that defendant Abdulgader only provided adequate medical care to fellow Muslims.

While plaintiff's pro se complaint is entitled to liberal construction by the court, mere conclusory statements do not suffice to state a cognizable claim for relief. See Twombly, 550 U.S. at 678. Additionally, plaintiff has not stated a claim for relief under the Rehabilitation Act because there are no facts demonstrating intentional discrimination by reason of his disability which excluded him from participation in any program or activity that was federally funded.

Additionally, when an inmate seeks injunctive relief concerning the prison where he is incarcerated, his claims for such relief become moot when he is no longer subjected to those conditions. Dilley v. Gunn, 64 F.3d 1365, 1368 (9th Cir. 1995); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991). The events at issue in this action allegedly occurred at the CHCF and plaintiff is no longer confined at that facility based on the filing of his recent notice. In light of his custody status and the claims at issue in this action, plaintiff is not entitled to injunctive relief and is therefore limited to seeking money damages for the violations of his federal rights. While the facts alleged in the complaint suggest that defendants' medical treatment decisions resulted in the "unnecessary and wanton infliction of pain" so as to state a cognizable Eighth Amendment violation, the relief that plaintiff seeks is not available. See Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting McGuckin v. Smith, 924 F.2d 1050, 1059 (9th Cir. 1992)). Therefore, the court will dismiss plaintiff's complaint, but grant him leave to amend.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, in his amended complaint, plaintiff must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a


general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

**V.     Plain Language Summary for Pro Se Party**

The following information is meant to explain this order in plain English and is not intended as legal advice.

The court has reviewed the allegations in your complaint and determined that service of the complaint is not appropriate because you only seek injunctive relief against defendants at the prison where you were previously confined.  Your complaint is being dismissed, but you are being given the chance to fix the problems identified in this screening order.

Although you are not required to do so, you may file an amended complaint within 30 days from the date of this order.  If you choose to file an amended complaint, pay particular attention to the legal standards identified in this order which may apply to your claims.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint."  Failure to file an

////
////
////
////

1  amended complaint in accordance with this order will result in a recommendation that this action
2  be dismissed.
3  Dated: January 27, 2022

                                                             _____
                                                             CAROLYN K. DELANEY
                                                             UNITED STATES MAGISTRATE JUDGE

9  12/woli207814+injunction.docx