UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KRZYSZTOF F. WOLINSKI,

Plaintiff,

v.

ABDULBASET ABDULGADER, et al.,

Defendants.

No. 2:21-cv-02078-TLN-CKD P

FINDINGS AND RECOMMENDATIONS

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

On January 27, 2022, the court dismissed plaintiff's complaint for failing to state a claim, but granted him leave to amend. ECF No. 8. In the screening order, plaintiff was provided with the appropriate legal standards governing his claims for relief and advised that the treatment, or lack of treatment, concerning plaintiff's medical conditions do not provide a basis upon which to impose liability under Title II of the Americans with Disabilities Act (ADA) or Rehabilitation Act (RA). ECF No. 8 at 7 (collecting cases). Following several extensions of time, plaintiff filed a first amended complaint on August 29, 2022 which is now before the court for screening.[1] ECF

[1] The filing date was calculated using the prison mailbox rule. See Houston v. Lack, 487 U.S. 266 (1988).

No. 26.

**I. Screening Requirement**

As plaintiff was previously advised, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court will independently dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

**II. Allegations in the First Amended Complaint**

Plaintiff is a state inmate suffering from Multiple Sclerosis (MS), a traumatic brain injury (TBI), mobility impairments, and mental disabilities requiring an Enhanced Outpatient Program (EOP) within the California Department of Corrections and Rehabilitation (CDCR). He has been housed at the California Health Care Facility (CHCF) and the California Medical Facility (CMF) in Vacaville. The allegations in the first amended complaint are based on events that occurred at both CHCF and CMF. Plaintiff names both medical and non-medical prison staff at both of these prisons as defendants in this action.

In his first claim for relief plaintiff contends that defendant Abdulgader, his primary care physician between October 2019 and November 10, 2021, retaliated against him in violation of his First Amendment rights for filing health care grievances. ECF No. 26 at 6. This retaliation took the form of discontinuing plaintiff's chronos for durable medical equipment, removing him from the "OHU" level of care, and discontinuing his prescription medications. ECF No. 26 at 6. Plaintiff further alleges that defendant Abdulgader and defendant Williams acted with deliberate indifference to his serious medical needs in violation of the Eighth Amendment by depriving him of treatment for chronic pain, a renewed prescription for Gabapentin, and a replacement TENS unit. ECF No. 26 at 7. According to plaintiff, he required hospitalization and almost died as a result of these defendants' lack of adequate medical care. ECF No. 26 at 8.

In claim two, plaintiff generally alleges that he was denied a religious Halal diet by prison authorities in violation of the Religious Land Use and Institutionalized Persons Act of 2000

(RLUIPA) and the First Amendment. ECF No. 26 at 9. Plaintiff names defendants Burton and Weinholdt in this claim, but he fails to identify what specific actions either took which led to the asserted constitutional violations.

In the third claim, plaintiff contends that defendants Weinholdt and Petersen violated his rights under the ADA and the RA based on his mobility impairments. ECF No. 26 at 12-14. Other than describing the title of their jobs at CHCF, plaintiff does not describe how each of these defendants were responsible for the damage done to his wheelchair on November 20, 2020 and May 19, 2021. Id. at 13-14. In fact, plaintiff specifically states that his wheelchair was damaged by "P.M.&R. Workers who service ADA inmates Durable Medical Equipment…." Id. at 13. Following the damage to his wheelchair, defendant Weinholdt met with plaintiff in October 2021 and informed him that he would receive a replacement wheelchair. Id. at 14. To date, plaintiff has not received this wheelchair. Id.

Plaintiff's fourth claim concerns his medical treatment and disability accommodations following his transfer to CMF on or about December 15, 2021. ECF No. 26 at 15. Specifically, plaintiff contends that defendant Osmon, the Chief Medical Executive, and defendant Benavidez, the Warden, refused to house him in a wheelchair accessible cell. As a result, plaintiff suffered a seizure and a head injury on December 21, 2021. ECF No. 26 at 16. Defendant Osmon also refused to provide plaintiff medical care such as I.V. fluids during his hunger strike. Id. Defendant Tran, plaintiff's primary care physician, failed to order any seizure medication or chronic pain treatment for his medical conditions in violation of the Eighth Amendment. Id.

In claim five, plaintiff contends that defendant Montgomery used excessive force against him on January 2, 2022 and January 13, 2022. ECF No. 26 at 18. Both incidents occurred after plaintiff was handcuffed. Id. Plaintiff also alleges that defendant Montgomery destroyed his durable medical equipment and personal property on these occasions. Id.

In his last claim for relief, plaintiff alleges that defendants Singh, Butterfield, and Macato used excessive force against him on January 25, 2022 by unreasonably using pepper spray against him knowing that he has asthma and C.O.P.D. ECF No. 26 at 20-21. Plaintiff's durable medical equipment was also damaged or destroyed during this incident. Id. at 21.

By way of relief, plaintiff seeks compensatory and punitive damages. ECF No. 26 at 24.

**III. Legal Standards**

**A. Linkage Requirement**

The civil rights statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted). In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

**B. Joinder of Claims and Parties**

A plaintiff may properly assert multiple claims against a single defendant in a civil action. Fed. Rule Civ. P. 18. In addition, a plaintiff may join multiple defendants in one action where "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions and occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). However, unrelated claims against different defendants must be pursued in separate lawsuits. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). This rule is intended "not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees—for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." Id.

**C. Supervisory Liability**

Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior. Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009)

("In a § 1983 suit ... the term "supervisory liability" is a misnomer. Absent vicarious liability, each Government official, his or her title notwithstanding is only liable for his or her own misconduct."). When the named defendant holds a supervisory position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged; that is, a plaintiff must allege some facts indicating that the defendant either personally participated in or directed the alleged deprivation of constitutional rights or knew of the violations and failed to act to prevent them. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).

**D. RLUIPA**

RLUIPA prohibits prison officials from substantially burdening a prisoner's "'religious exercise unless the burden furthers a compelling governmental interest and does so by the least restrictive means.'" Alvarez v. Hill, 518 F.3d 1152, 1156 (9th Cir. 2009) (quoting Warsoldier v. Woodford, 418 F.3d 989, 997–98 (9th Cir. 2005)); 42 U.S.C. § 2000cc-1(a). The plaintiff bears the initial burden of demonstrating that an institution's actions have placed a substantial burden on plaintiff's free exercise of religion. To state a cognizable claim under RLUIPA, plaintiff must specify how the defendant denied him access to religious services. In this regard, plaintiff must link any RLUIPA claim to the defendant's specific conduct. Plaintiff is advised that monetary damages are not available under RLUIPA against state officials sued in their individual capacities. See Jones v. Williams, 719 F.3d 1023, 1031 (9th Cir. 2015) ("RLUIPA does not authorize suits for damages against state officials in their individual capacities because individual state officials are not recipients of federal funding and nothing in the statute suggests any congressional intent to hold them individually liable."). RLUIPA only authorizes suits against a person in his or her official or governmental capacity. See Wood v. Yordy, 753 F.3d 899, 904 (9th Cir. 2014).

**E. ADA**

Title II of the Americans with Disabilities Act (ADA) "prohibit[s] discrimination on the basis of disability." Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002). Title II of the ADA applies to inmates within state prisons. Pennsylvania Dept. of Corrections v. Yeskey, 524

U.S. 206, 208 (1998). "To establish a violation of Title II of the ADA, a plaintiff must show that (1) [he] is a qualified individual with a disability; (2) [he] was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of [his] disability." Lovell, 303 F.3d at 1052. "To recover monetary damages under Title II of the ADA, a plaintiff must prove intentional discrimination on the part of the defendant," and the standard for intentional discrimination is deliberate indifference. Duvall v. County of Kitsap, 260 F.3d 1124, 1138 (9th Cir. 2001).

**F. RA**

Section 504 of the Rehabilitation Act ("RA") prohibits discrimination on the basis of one's disability. Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002). "To establish a violation of § 504 of the RA, a plaintiff must show that (1) [he] is handicapped within the meaning of the RA; (2) [he] is otherwise qualified for the benefit or services sought; (3) [he] was denied the benefit or services solely by reason of [his] handicap; and (4) the program providing the benefit or services receives federal financial assistance." Lovell, 303 F.3d at 1052.

**IV. Analysis**

After conducting the required screening, the undersigned finds that the first amended complaint states a valid First Amendment retaliation claim against defendant Abdulgader as well as an Eighth Amendment deliberate indifference claim against defendants Abdulgader and Williams. However, plaintiff does not adequately link the "Acting Warden in charge of All Prison Operations & Staff supervision," defendant Burton, the Associate Warden of Health Care Operations at CHCF, defendant Weinholdt, or the Associate Warden of ADA Compliance, defendant Petersen, to any of the asserted constitutional violations in claims two or three because they are based entirely on their role as supervisors. See Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009). To the extent that plaintiff seeks to raise RLUIPA and First Amendment violations in claim two, any such claims would be improperly joined to the present action which generally concerns adequate medical treatment and disability accommodations rather than religious beliefs and practices. Nor does plaintiff name any defendant acting in his or her official capacity that

would be a proper defendant in a RLUIPA case. For all these reasons, the undersigned recommends that this action proceed only on the First and Eighth Amendment claims against defendants Abdulgader and Williams.

The allegations in claims four, five and six all occurred at a different prison and on different dates. The claims against these defendants do not arise out of the same transaction or occurrence or involve a common question of law or fact. See Fed. R. Civ. P. 20(a)(2). Based on plaintiff's numerous medical conditions and disabilities, allowing all Eighth Amendment claims of deliberate indifference against any medical provider to be joined in a single suit would lead to the unmanageable morass described by the Seventh Circuit Court of Appeal in George v. Smith, 507 F.3d 605, 607 (2007). Additionally, in deciding whether the defendants in these claims are improperly joined, the court may look to the first named defendant and join only those claims that can properly be joined to the claims against that defendant. See Coughlin v. Rogers, 130 F.3d 1348, 1350 (9th Cir. 1997). The court may then dismiss the misjoined defendants without prejudice to the plaintiff's filing of new, separate lawsuits against the dropped defendants. Id.; see Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party."). The first named defendant in the amended complaint is defendant Abdulgader who is employed at CHCF. Therefore, the undersigned finds that defendants Osmon, Benavidez, Tran, Montgomery, Singh, Butterfield, and Macato have been improperly joined to the present suit. For this reason, it is recommended that these defendants be dismissed without prejudice to the filing of a separate suit.

**V. Leave to Amend**

Once the court finds that a complaint or claim should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (citation omitted).

However, if, after careful consideration, it is clear that a claim cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1105-06. It appears to the court that allowing further amendment of the claims against defendants Burton, Weinholdt, and Petersen would be futile because the allegations against them are based on their role as supervisors. Plaintiff has already been granted leave to amend and was unable to properly link any of these defendants to the asserted constitutional violations. Therefore, the undersigned recommends that defendants Burton, Weinholdt, and Petersen be dismissed without further leave to amend. Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

**VI. Plain Language Summary for Pro Se Party**

The following information is meant to explain this order in plain English and is not intended as legal advice.

The court has reviewed your first amended complaint and determined that the First and Eighth Amendment claims against defendants Abdulgader and Williams should be allowed to proceed. It is recommended that the remaining defendants be dismissed from this action because there are no cognizable claims for relief against them or because they have been improperly joined to the present suit. The claims against the defendants at CMF may be raised in a separate civil action if you choose to file one.

If you disagree with this recommendation, you have 14 days to explain why it is not the correct outcome in your case. Label your explanation "Objections to Magistrate Judge's Findings and Recommendations." The district judge assigned your case will then review the case and make the final decision in this matter.

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. This case be allowed to proceed only as to defendants Abdulgader and Williams based on the retaliation and deliberate indifference claims alleged in the first amended complaint.
2. Defendants Burton, Weinholdt, and Petersen be dismissed without further leave to

amend for failing to state a claim upon which relief may be granted.

3. Defendants Osmon, Benavidez, Tran, Montgomery, Singh, Butterfield, and Macato be dismissed without prejudice to filing a separate civil action because they are improperly joined to the present suit.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 3, 2023

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/woli2078.F&R.misjoinder