UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRZYSZTOF F. WOLINSKI, | No. 2:21-cv-02078-DJC-CKD P |
| Plaintiff, | |
| v. | ORDER |
| ABDULBASET ABDULGADER, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. The parties have filed various motions which the court will address in turn.

The first motion pending before the court is plaintiff's motion for a 60 day stay of proceedings, or, in the alternative, the appointment of co-counsel during the dispositive motion phase of the case. ECF No. 55. The court first notes that the requested time period has already passed since this motion was docketed on December 27, 2023. Moreover, plaintiff does not seek an extension of any specific deadline in this case. For these reasons, the court denies the motion for a 60 day stay of proceedings.

The same motion also requests the appointment of counsel. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an

1

attorney to voluntarily represent such a plaintiff.  See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff.  Id.  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

Also pending before the court is defendants' motion to modify the discovery and scheduling order governing this case.  ECF No. 56.  Defendants request that the court vacate all deadlines in this case pending resolution of their concurrently filed motion to compel because plaintiff has not responded to any of their written discovery requests.  ECF Nos. 56, 57.  Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, a scheduling order "may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  This good cause standard "primarily considers the diligence of the party seeking the amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).  The court may modify the scheduling order "if it cannot reasonably be met despite the diligence of the party seeking the extension."  Id. In this case, defendants have demonstrated good cause for modifying the discovery and scheduling order due to plaintiff's complete lack of response to their written discovery requests. The court will grant defendants' motion and vacate all pending deadlines governing this case until further order of the court.

Plaintiff has also filed a motion for an extension of time to file a response to defendants' motion to compel.  ECF No. 58.  In the motion, plaintiff indicates that he is having difficulty obtaining access to the ADA computer at the prison law library.  For good cause shown, the court

grants the requested extension of time.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for a stay and the appointment of counsel (ECF No. 55) is denied.

2. Defendants' motion to modify the Discovery and Scheduling Order (ECF No. 56) is granted. All pending deadlines are vacated pending the resolution of defendants' motion to compel. The court will reset these deadlines by subsequent order.

3. Plaintiff's motion for an extension of time (ECF No. 58) to file an opposition to defendants' motion to compel is granted.

4. Plaintiff is granted thirty days from the date of this order in which to file a response to defendants' motion to compel. **No further extensions of time will be granted.**

5. Defendants may file a reply within 14 days from the date of filing of plaintiff's response.

6. Defendants' motion to compel will be submitted on the papers at the expiration of the briefing deadlines set herein.

Dated: April 24, 2024

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/woli2078.31+36