UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRZYSZTOF F. WOLINSKI,<br><br>Plaintiff,<br><br>v.<br><br>ABDULBASET ABDULGADER, et al.,<br><br>Defendants. | No. 2:21-cv-02078-DJC-CKD P<br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. Currently pending before the court are defendants' motion to compel discovery responses and plaintiff's motion for a court order. ECF Nos. 57, 60. For the reasons discussed below, the court will grant defendants' motion to compel and deny plaintiff's motion for a court order.

**I.     Procedural History**

This case is proceeding on a First Amendment retaliation claim against defendant Abdulgader as well as an Eighth Amendment deliberate indifference claim against defendants Abdulgader and Williams as alleged in plaintiff's first amended complaint. See ECF Nos. 28 (Findings and Recommendations), 34 (order adopting Findings and Recommendations). A Discovery and Scheduling Order was issued on October 18, 2023 which set the discovery cut-off date as February 16, 2024. ECF No. 53.

1

Defendants filed a motion to compel discovery response from plaintiff on February 9, 2024. ECF No. 57. Plaintiff did not file a timely opposition to the motion. After the deadline to do so expired, plaintiff filed a motion for an extension of time. ECF No. 58. By order dated April 24, 2024, the court vacated all pending deadlines in this case and granted plaintiff one last opportunity to file an opposition or a statement of non-opposition to the motion to compel within 30 days from the date of the order. ECF No. 59. Plaintiff was specifically advised that no further extensions of time would be granted. ECF No. 59 at 3. Plaintiff has not responded to defendants' motion to compel and the time for doing so has expired.

## II. Defendants' Motion to Compel

In their motion to compel, defendants indicate that they timely served interrogatories and requests for production of documents on plaintiff on December 15, 2023.[1] ECF No. 57 at 2. Plaintiff's responses to the propounded discovery were due by February 1, 2024. ECF No. 57 at 3. However, plaintiff did not submit any response to defendants' discovery requests. ECF No. 57. As a result, defendants request that the court compel plaintiff to answer their interrogatories and requests for production without any objection. ECF No. 57 at 4.

## III. Plaintiff's Motion for a Court Order

Without addressing the pending motion to compel, plaintiff filed a type-written 14 page motion for an order to gain access to the prison law library's ADA computer. ECF No. 60. Plaintiff asserts that he is unable to write by hand due to his medical conditions and has been denied access to a law library computer program identified as "Canvas" in order to print out his legal pleadings. He does not explain on what device the instant motion was typed.

Attached to the motion are portions of his 2022 medical records indicating plaintiff has impaired functionality in his upper extremities. ECF No. 60 at 7. Plaintiff submitted a copy of a request for a Swister typewriter dated October 11, 2023 that was approved by the prison warden. ECF No. 60 at 9. Also attached to the motion is a CDCR Memorandum dated May 26, 2023 to

---

[1] Defendants' request for admissions were automatically deemed admitted pursuant to Rule 36(a)(3) of the Federal Rules of Civil Procedure after plaintiff failed to answer them. As a result, the requests for admissions are not a part of defendants' motion to compel.

2

library staff explaining the availability of printing for disabled inmates.  ECF No. 60 at 12.  According to this Memorandum, "printing accommodations through the ADA computer is restricted to DPV incarcerated people."  ECF No. 60 at 12.

**IV.     Analysis**

Assuming plaintiff's request to use an ADA computer in the prison library instead of his typewriter is the basis for his failure to respond to defendants' discovery requests, the court finds that this is not adequate cause to completely ignore his discovery obligations.  Plaintiff's own evidence indicates that he has access to a typewriter and uses it to make requests of this court.  See ECF No. 60 at 9.  However, the court will not condone a party's total failure to respond to discovery requests, nor will it intervene in the administration of prison law library resources to ADA inmates, especially because plaintiff does not demonstrate that he is a designated DPV inmate entitled to use the ADA computer according to CDCR guidelines.  See ECF no. 60 at 12.  Therefore, the court denies plaintiff's motion for a court order mandating his use of a prison library computer.[2]

Based on plaintiff's complete failure to respond to defendants' discovery requests, the court will grant the motion to compel.  Plaintiff initiated this lawsuit, and he is obligated to comply with the applicable Federal Rules of Civil Procedure and Local Rules of this court by responding to defendant's discovery requests to the best of his ability.  See Hartline v. Nat'l Univ., No. 2:14–CV–00635–KJM–AC, 2018 WL 1014611, at *4 (E.D. Cal. Feb. 22, 2018) (emphasizing that even pro se parties have a duty to comply with discovery obligations).  Plaintiff's complete failure to respond to defendant's discovery requests and his failure to oppose defendant's motion, means he has waived any objections to those requests and will be ordered to respond.  Plaintiff must answer each interrogatory fully in writing under oath.  See Fed. R. Civ. P. 33(b)(3).  While extensive research is not required, a reasonable effort to respond must be made "and reasonableness is determined by the size and complexity of the case and the resources that a responding party has available to put to the case.  L.H. v. Schwarzenegger, No. S–06–2042 LKK

---

[2] The court has taken this information into account in fashioning the length of time plaintiff is granted to respond to defendants' discovery requests.

GGH, 2007 WL 2781132, *2 (E.D. Cal. Sept. 21, 2007) (citation omitted).  Plaintiff has not made any effort, much less a reasonable one, to respond to defendants' interrogatories in this case.  In addition, plaintiff must produce all documents in his possession, custody or control that are responsive to defendant's request for production of documents.  See Fed. R. Civ. P. 34(a)(1).  Defendant may move to dismiss this action pursuant to Rule 41(b) if plaintiff fails to comply with this court order.

Based on plaintiff's total failure to respond to defendant's discovery requests, the court further finds good cause to modify the discovery and scheduling order in this case.  Defendants' motion demonstrates that he has been diligent in seeking the necessary information.  Based on good cause shown, the discovery and dispositive motions deadlines will be extended as indicated herein.

**V.     Plain Language Summary for Pro Se Party**

The following information is meant to explain this order in plain English and is not intended as legal advice.

Based on your failure to respond to the defendants' discovery requests, the court is granting defendants' motion to compel.  You have 30 days from the date of this order to serve your responses to defendants' discovery requests served on you in December 2023.  If you do not provide responses to defendants' discovery requests, you will be subject to sanctions, including the possible dismissal of this case.  The deadline for filing dispositive motions in this case is also being extended.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' unopposed motion to compel (ECF No. 57) is granted.  Within 30 days from the date of this order, plaintiff shall serve responses to defendant's Interrogatories, Set One and Request for Production of Documents, Set One, without objections, on defendants' counsel.  Plaintiff is cautioned that failure to comply with this court's order compelling discovery may result in further sanctions including the dismissal of this case.

2. The Discovery and Scheduling Order is hereby modified to extend the discovery deadline, including all motions to compel discovery, to **August 1, 2024**.  The deadline for filing

dispositive motions is extended to **November 1, 2024**.

3. All other provisions of the October 18, 2023 Discovery and Scheduling Order remain in effect.

4. Plaintiff's motion for a court order (ECF No. 60) is denied.

Dated:  June 3, 2024

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/woli2078.m2compel

5