UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRZYSZTOF F. WOLINSKI,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ABDULBASET ABDULGADER, et al.,<br><br>　　　　　Defendants. | No.  2:21-cv-2078-DJC-CKD P<br><br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

　　　　Plaintiff Krzysztof Wolinski, a state prisoner, filed this action under 42 U.S.C. § 1983, and the matter was referred to the undersigned by Local Rule 302. See 28 U.S.C. § 636(b)(1). In the motion presently before the court, defendants move for dismissal of the case based on plaintiff's failure to comply with court orders to respond to discovery requests. (ECF No. 69.) Defendants also request their attorney fees. For the reasons set forth below, the undersigned recommends that defendants' motion be granted as to the request for terminating sanctions. Plaintiff's motion for an extension of time to file a response to the court's January 29, 2025, order is also before the court (ECF No. 74.) Plaintiff has filed his response, labeled as objections. (ECF No. 75.) To the extent plaintiff seeks reconsideration of the January 29, 2025, order, the court grants plaintiff's request for an extension of time and deems the request timely filed.

////

////

## PROCEDURAL BACKGROUND

Plaintiff filed the operative first amended complaint on September 1, 2022. (ECF No. 26.) After screening, the case proceeded against defendants Abdulgader and Williams on plaintiff's retaliation and deliberate indifference claims. (ECF Nos. 28, 34.) As to those claims, plaintiff alleges he suffers from Multiple Sclerosis (MS), a traumatic brain injury (TBI), mobility impairments, and mental disabilities requiring an Enhanced Outpatient Program (EOP) within the California Department of Corrections and Rehabilitation (CDCR). While housed at California Health Care Facility (CHCF), plaintiff's primary care Physician, defendant Abdulgader, allegedly retaliated against plaintiff in violation of his First Amendment rights for filing health care grievances. (ECF No. 26 at 6.) This retaliation took the form of discontinuing plaintiff's chronos for durable medical equipment, removing him from the "OHU" level of care, and discontinuing his prescription medications. (Id.)

Plaintiff also alleges defendants Abdulgader and Williams acted with deliberate indifference to his serious medical needs in violation of the Eighth Amendment by depriving him of treatment for chronic pain, a renewed prescription for Gabapentin, and a replacement TENS unit. (ECF No. 26 at 7.) According to plaintiff, he required hospitalization and almost died as a result. (Id. at 8.)

The court issued a discovery and scheduling order on October 18, 2023. (ECF No. 53.) Thereafter, on December 15, 2023, defendants timely served plaintiff with requests for admissions, interrogatories, and requests for production of documents. (See ECF No. 69 at 7, ¶ 2.) Under the court's discovery and scheduling order, plaintiff's response was required by February 1, 2024, but plaintiff failed to provide any responses and did not request an extension of time.

On February 9, 2024, defendants moved to compel plaintiff's discovery responses and to modify the scheduling order. (ECF Nos. 56, 57.) On June 3, 2024, the court granted defendants' motion to compel, modified the scheduling order, and ordered plaintiff to serve responses to defendants' interrogatories and requests for production of documents, without objection, within 30 days. (ECF No. 61.)

////

Receiving no responses, on July 12, 2024, defendants filed a second motion to compel plaintiff's discovery responses and another motion to modify the scheduling order. (ECF Nos. 64, 65.) On July 19, 2024, plaintiff requested another extension of time. (ECF No. 66.)

On September 11, 2024, the court granted plaintiff's request for an extension of time, modified the scheduling order, and ordered plaintiff to serve responses to defendants' discovery requests by October 2, 2024. (ECF No. 67.) In granting plaintiff's request for an extension of time on September 11, 2024, the court gave plaintiff an explicit warning that this was his "final opportunity to comply with the court's June 3, 2024 order by serving his responses to defendants' Interrogatories, Set One, and Request for Production of Documents, Set One, within 21 days from the date of this order" (Id. at 2.) And further, "[t]he court will not grant plaintiff any additional extensions of time to comply with his discovery obligations." (Id.) The court denied defendants' second motion to compel as moot and directed defendants to file a motion for sanctions by October 30, 2024, if plaintiff again failed to comply with the court's order to serve discovery responses. (Id.)

On October 10, 2024, defendants filed the motion presently before the court. (ECF No. 69.) Plaintiff opposed the motion. (ECF Nos. 70, 71.) Defendants filed a reply. (ECF No. 72.)

**APPLICABLE STANDARD**

The Local Rules of the Eastern District provide wide latitude to the court to issue sanctions: under Local Rule 110, the failure of a party to comply with any local rule or order of the court may result in the imposition of "any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Local Rule 110. Moreover, the Federal Rules of Civil Procedure specifically contemplate dismissal as a sanction for failing to comply with an order compelling discovery. Federal Rule of Civil Procedure 37(b)(2)(A)(v) permits a court to "dismiss[ ] the action or proceeding in whole or in part" if a party fails to comply with a discovery order. Fed. R. Civ. P. 37(b)(2)(A)(v). Similarly, under Federal Rule of Civil Procedure 41(b), "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b).

////

It is within the discretion of a district court to order dismissal sanctions. Olivia v. Sullivan, 958 F.2d 272, 273 (9th Cir. 1992) (citing Hamilton Copper & Steel Corp. v. Primary Steel, Inc., 898 F.2d 1428, 1429 (9th Cir. 1990)). However, because "dismissal is a harsh penalty ... it should only be imposed in extreme circumstances." Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (emphasis in the original) (quoting Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992)); Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills, 482 F.3d 1091, 1096 (9th Cir. 2007) ("Only 'willfulness, bad faith, and fault' justify terminating sanctions" (quoting Jorgensen v. Cassiday, 320 F.3d 906, 912 (9th Cir. 2003))).

The court considers five factors "before resorting to the penalty of dismissal: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.'" Hernandez, 138 F.3d at 399 (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)). The fifth factor is comprised of three subparts, which include "whether the court has considered lesser sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of case-dispositive sanctions." Conn. Gen. Life Ins., 482 F.3d at 1096 (citation omitted). Not all factors must cut in favor of dismissal for terminating sanctions to be imposed. Malone v. U.S. Postal Serv., 833 F.2d 128, 133 n.2 (9th Cir. 1987); see also Ferdik, 963 F.2d at 1263 ("Even if the prejudice factor as well as the fifth factor regarding the public policy favoring disposition on the merits both weighed against dismissal, they would not outweigh the other three factors that strongly support dismissal here." (citation omitted)).

**DISCUSSION**

The relevant factors weigh in favor of dismissal and warrant dismissal of this case. The first two factors strongly support dismissal of this action. "[T]he public's interest in expeditious resolution of litigation always favors dismissal[,]" Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999), and judicial economy considerations weigh strongly in favor of terminating sanctions for plaintiff's non-compliance with the court's orders, see Ferdik, 963 F.2d at 1261 (finding that it was necessary "to preserve the district courts' power to manage their dockets

without being subject to the endless vexatious noncompliance of litigants"). Plaintiff commenced this case in late 2021, but the parties have not completed discovery due to plaintiff's failure to comply with the Federal Rules of Civil Procedure, of which plaintiff was advised, and this court's orders to serve discovery responses. Plaintiff's failure to participate in discovery has delayed the expeditious resolution of this case, particularly where discovery responses were originally due more than a year ago.

The third factor, prejudice to defendant from plaintiff's failure to provide discovery responses, also favors dismissal. In determining whether a defendant has been prejudiced, [the court examines] whether the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." Malone, 833 F.2d at 131 (citation omitted). Defendants are entitled to have their discovery requests answered, and plaintiff's failure to respond is prejudicial to defendants.

The prejudice to defendants is not counterbalanced by any legitimate reason for plaintiff's non-compliance, as his stated excuses are unpersuasive. In opposition to the present motion, plaintiff argues he was hindered from preparing discovery responses during the time period December 28, 2023, to October 14, 2024, based, in part, on malicious confiscation of his typewriter and lack of access to a typewriter. (ECF No. 70 at 1-4.) Plaintiff also asserts he was prohibited from accessing his "work product" and legal papers, transferred between prisons, and placed in R.H.U. (Id.)

As to typewriter access, the record in this case reflects that plaintiff has filed motions for extensions of time (ECF No. 58, 66, 74), motions for law library access (ECF Nos. 60, 62, 63), a motion for reconsideration (ECF No. 68), a document styled as objections to the undersigned magistrate judge's order (ECF Nos. 68, 75), as well as an opposition to the present motion with an accompanying declaration (ECF Nos. 70, 71), each of which was typed, and each of which was filed during the time period plaintiff claims to have been hindered from preparing his discovery responses based on lack of access to a typewriter. Accordingly, the court does not find persuasive plaintiff's assertion that he has been unable to respond to defendants' discovery requests based on lack of access to a typewriter.

1    The court also rejects plaintiff's argument that a lack of access to the law library or to his
2 "work product" or other documents justifies his non-compliance with discovery orders. For
3 example, in June of 2024, plaintiff served defendants with an unexplained 300 pages of medical
4 records in response to their request discovery requests. (See ECF No. 65 at 7, ¶ 6.) Plaintiff does
5 not explain why he did not respond to the interrogatories and requests for production at that time.
6 Plaintiff did not need to engage in legal research to respond to the discovery requests, which were
7 factual questions he should be able to answer regarding his claims. Plaintiff fails to identify any
8 specific records or documents he needed and the steps he took to obtain the documents.

9    In sum, plaintiff has presented no justification that would excuse his non-response to
10 defendants' discovery requests and failure to comply with the court's orders. Because defendants
11 have been prejudiced by plaintiff's failure to comply with his discovery obligations and this
12 court's order, and plaintiff has not provided a justifiable reason for his default, the third factor
13 strongly favors dismissal.

14    The fourth factor, public policy favoring disposition of cases on their merits, generally
15 does not weigh in favor of dismissal as a sanction. See Yourish, 191 F.3d at 990. However, where
16 a case "is stalled or unreasonably delayed by a party's failure to comply with deadlines and
17 discovery obligations" and "cannot move forward toward resolution on the merits" because of
18 this party's failure—which is the case here—this factor lends little support in favor of disposition
19 on the merits. See In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217,
20 1228 (9th Cir. 2006). The other factors supporting dismissal outweigh this factor.

21    The fifth factor favors dismissal. No other, lesser sanctions would be satisfactory or
22 effective. Plaintiff requests the court to re-set the scheduling order for this case. (ECF No. 70 at
23 4.) However, the court has no reason to think plaintiff will begin to comply with his discovery
24 obligations or the court's rules, orders, and deadlines. The court has already tried warnings that
25 failure to comply with federal laws and court rules could result in dismissal of this action. See
26 Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (The "court's warning to a party that
27 his failure to obey the court's order will result in dismissal can satisfy the 'consideration of
28 alternatives' requirement."). Plaintiff has nevertheless continued to disregard this court's rules,

orders, and deadlines.

As another consideration, plaintiff is indigent and proceeding in forma pauperis. The imposition of monetary sanctions would likely be futile and unenforceable. See James v. Wilber, 956 F. Supp. 2d 1145, 1169 (E.D. Cal. 2013) (citing Thomas v. Gerber Prod., 703 F.2d 353, 356-57 (9th Cir. 1983); Wade v. Ratella, 407 F. Supp. 2d 1196, 1209 (S.D. Cal. 2005) ("monetary sanctions would be ... ineffective because Plaintiff, a pro se prisoner proceeding in forma pauperis, arguably lacks the funds to comply with an order for sanctions."). Under the circumstances, the court finds no other, lesser sanctions would be satisfactory or effective.

In sum, "plaintiff has exhibited disregard for the litigation he commenced and the orderly processes of this Court" such that "he has demonstrated the requisite willfulness and fault ... [and] no lesser sanction [than dismissal] would be effective or suitable...." Wright v. Maritime Overseas Corp., 96 F.R.D. 686, 688 (N.D. Cal. 1983). Plaintiff's status as a self-represented litigant provides no justification entitling him to relief from this sanction, as it is well-established that "[p]ro se litigants must follow the same rules of procedure that govern other litigants." King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) (citations omitted); see also McNeil v. United States, 508 U.S. 106, 113 (1993). Having carefully considered the relevant factors, the undersigned will recommend defendants' request for terminating sanctions be granted.

Defendants also move for an award of the attorney fees incurred because of plaintiff's repeated failure to provide written discovery responses as ordered by the court. The court must impose monetary sanctions against plaintiff "in addition to" terminating sanctions, as well as order plaintiff to pay defendants' reasonable fees and expenses, unless the court finds that "circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(A)(5)(a)(iii), (d)(3). Here, the undersigned is recommending imposition of the ultimate sanction - dismissal of plaintiff's claims with prejudice- and finds an additional award of attorney fees is unnecessary and would be unjust in light of plaintiff's indigent status.

**PLAIN LANGUAGE SUMMARY FOR PRO SE PARTY**

The following information is meant to explain this order in plain English. This summary is not intended as legal advice.

The undersigned is recommending this case be dismissed because of your non-response to the defendants' discovery requests and non-compliance with this court's orders and Local Rules, and the Federal Rules of Civil Procedure. If you disagree, you have 14 days to inform the court. Label your explanation "Objections to the Magistrate Judge's Findings and Recommendations" and set forth any additional facts you can allege to state an access to courts or access to counsel claim.

**ORDER AND RECOMMENDATION**

For the reasons set forth above, IT IS ORDERED that plaintiff's motion for an extension of time to file a response to the court's January 29, 2025, order (ECF No. 74) is GRANTED.

In addition, IT IS RECOMMENDED as follows:

1. Defendants' motion for sanctions and dismissal of the case (ECF No. 69) be GRANTED as to the request for terminating sanctions and denied as to the request for attorney fees.
2. This action be DISMISSED, with prejudice, for failure to comply with this court's orders. See Fed. R. Civ. P. 37(b)(2)(A); Fed. R. Civ. P. 41(b); Local Rule 110.
3. Plaintiff's objections to the magistrate judge's order dated January 29, 2025, construed as an application for reconsideration, (ECF No. 75) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within 7 days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: April 18, 2025

/s/ Carolyn K. Delaney
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8, woli2078.mtd